Ruano v. Sessions

BIA
Straus, IJ
A073 564 952

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand eighteen.

PRESENT:
      DENNIS JACOBS,
      REENA RAGGI,
      PETER W. HALL,
         *Circuit Judges.*

_____

EDDY RUANO,
      *Petitioner,*

      v.                            **17-499**

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Elyssa Williams, Formica Williams, P.C., New Haven, CT. |
| **FOR RESPONDENT:** | Chad A. Readler, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Eddy Ruano, a native and citizen of Guatemala, seeks review of a February 3, 2017, decision of the BIA affirming an April 12, 2016, decision of an Immigration Judge ("IJ") ordering Ruano's removal and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Eddy Ruano,* No. A 073 564 952 (B.I.A. Feb. 3, 2017), *aff'g* No. A 073 564 952 (Immig. Ct. Hartford Apr. 12, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Ruano entered an Alford plea for the offense of risk of injury to a minor in violation of Conn. Gen. Stat. § 53-21(a)(1), for which crime he was sentenced to eight years' incarceration. Ruano was charged as removable on the grounds that a conviction under that statute constitutes (1) a crime of child abuse, neglect, or abandonment under 8 U.S.C. § 1227(a)(2)(E)(i); and (2) an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). *See* 8 U.S.C. § 1101(a)(43)(A). Each basis is independently sufficient for removal.

Here, the IJ conducted a categorical analysis to conclude that Ruano was removable for a crime of child abuse, but expressly found that the Government had failed to establish that Ruano's conviction constituted an aggravated felony. In affirming the IJ's conclusion that Ruano was removable, the BIA noted Ruano's failure to challenge the crime-of-child abuse determination. [CAR at 3.] To the extent he attempts to do so for the first time on appeal, we decline to entertain that challenge. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). Were we to do so, however, we would adopt the IJ's well-reasoned conclusion that Ruano is removable pursuant to 8 U.S.C. § 1227(a)(2)(E)(i) for a conviction that constitutes a crime of child abuse, neglect, or abandonment, but not separately removable as an aggravated felon. *See Florez v. Holder*, 779 F.3d 207, 211-212 (2d Cir. 2015).

It is not clear whether the BIA deemed Ruano separately removable as an aggravated felon or simply ineligible for withholding of removal on that ground pursuant to 8 U.S.C. § 1231(b) or for relief under the CAT. The point need not detain us because the government does not urge the first determination, which we, therefore, discard. As to withholding of removal, the IJ and BIA found Ruano ineligible for such relief because his offense constitutes a "particularly serious crime." *See* 8 U.S.C. § 1231(b)(3)(B)(ii). It is argued that the IJ's analysis of the

aggravated felony charge with respect to the particularly serious crime bar erroneously placed the burden on Ruano to prove that his actual conduct does not match the federal definition of an aggravated felony. *See Martinez v. Mukasey*, 551 F.3d 113, 121–22 (2d Cir. 2008). However, the IJ also found that "[a]ssuming *arguendo* that [Ruano's conviction] is not an aggravated felony ... the offense remains a particularly serious crime" based on the nature of the conviction, the type of sentence imposed, and the circumstances of the conviction. J. App'x at 51; *see also Nethagani v. Mukasey*, 532 F.3d 150, 155 (2d Cir. 2008). The record supports this conclusion. Thus, any error respecting an aggravated felony assessment is harmless as "it is clear that the agency would adhere to its prior decision in the absence of error." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006).

The IJ and BIA found that Ruano had failed to sustain his burden to show that he would suffer persecution or torture if returned to Guatemala. The agency's determination is supported by substantial evidence, as the IJ conducted a thorough and reasoned analysis of the country conditions in Guatemala. *Cf. id.* at 341–42. Thus, even in the absence of a particularly serious crime, Ruano does not qualify for withholding of removal or relief under the CAT. *See* 8 U.S.C. § 1231(b); 8 C.F.R. §§ 1208.16(c), 1208.18(a)(1)-(8).

For the foregoing reasons, the petition for review is DENIED. In addition, the stay of removal granted by this court's December 1, 2017 order is hereby lifted.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3